# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL FITZGERALD,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-1487-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

       **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 27)** |
| **FILED:** | **April 18, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **UNCONTESTED AMENDED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 30)** |
| **FILED:** | **May 2, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Paul Fitzgerald, seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered on January 18, 2006.  Doc. No. 26.  An award of fees is, therefore, ripe for consideration.

Fitzgerald's attorney seeks $2,613.62 in attorney's fees for 19.40 hours of work: 3.75 hours of work performed in 2004; 13.80 hours of work performed in 2005; and 1.85 hours of work performed in 2006.  Doc. No. 30, Ex. A. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A).  Fitzgerald has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to a higher amount.[1]  Doc. No. 28. The defendant, the Commissioner of Social Security, does not oppose this hourly rate or the number of hours worked.

After reviewing the papers submitted by Fitzgerald, I find that the fees requested are appropriate in the absence of objection.

Fitzgerald also seeks reimbursement for $150.00 in costs and $49.65 in expenses.  The Commissioner does not oppose these costs or expenses. Because there

---

[1] Counsel presented an analysis of the CPI that would support the award of $151.65 for work performed in 2004, $156.79 for work performed in 2005, and $159.20 for work performed in 2006.  Doc. No. 28. This would lead to an award of $568.69 for work performed in 2004, $2,163.70 for work performed in 2005, and $294.52 for work performed in 2006, for a total of $3,026.91.  It is unclear by what formula counsel arrived at his total request for $2,613.62.  However, the Court declines to grant relief not requested or beyond that agreed to by the Commissioner.

is no objection, I find that the costs and expenses were necessarily incurred as part of the litigation.

It is, therefore, **ORDERED** that Fitzgerald is awarded $2,613.62 in attorney's fees, $150.00 in costs, and $49.65 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties